EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| PVH MOTOR, LLC<br><br>Recurrido<br><br>v.<br><br>Junta de Subastas de la Administración de Servicios Generales<br><br>Peticionario | 2022 TSPR 42<br><br>208 DPR \_\_\_\_ |

Número del Caso: CC-2021-606

Fecha: 12 de abril de 2022

Tribunal de Apelaciones:

    Panel X

Oficina del Procurador General:

    Lcdo. Fernando Figueroa Santiago
    Procurador General

    Lcdo. Omar Andino Figueroa
    Subprocurador General

    Lcda. María Astrid Hernández Martín
    Procuradora General Auxiliar

Abogado de la parte recurrida:

    Lcdo. Edgardo L. Rivera Rivera
    (TS-9,884)

Materia: Derecho Administrativo – Validez de una notificación realizada a través de correo electrónico por una agencia administrativa en un proceso adjudicativo de subasta.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| PVH MOTOR, LLC<br><br>      Recurrido<br><br>      v.<br><br>Junta de Subastas de la Administración de Servicios Generales<br><br>      Peticionario | CC-2021-0606 | |

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco.

En San Juan, Puerto Rico, a 12 de abril de 2022.

Nos corresponde determinar si una notificación realizada a través de correo electrónico por una agencia administrativa en un proceso adjudicativo de subasta constituye una notificación adecuada. Así pues, por primera vez tenemos la oportunidad de expresarnos sobre la facultad de las entidades administrativas de escoger el medio de notificación de una determinación final. Resolvemos que la Ley Núm. 38-2017, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico reconoce la correspondencia electrónica como medio adecuado de notificación en una determinación final. 3 LPRA sec. 9601. Asimismo, a tenor con la Ley Núm. 73-2019, según

enmendada, conocida como Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico, determinamos que la notificación de la Resolución emitida por la Junta Revisora de Subastas de la Administración de Servicios Generales fue adecuada al utilizar como método de notificación el correo electrónico en lugar del correo certificado con acuse de recibo.

I

El 12 de marzo de 2020, la Administración de Servicios Generales (en adelante, "ASG"), emitió la Invitación a Subasta Formal Núm. 20-17-136-C-R1 para establecer un Contrato de Selección Múltiple para la adquisición de vehículos de motor.[1] Debido al cierre de las operaciones de la ASG por la pandemia del COVID-19 hubo varias enmiendas a la Invitación a Subasta Formal respecto a las fechas de pre subasta y apertura de la Subasta Formal. Como parte de estas enmiendas se determinó que todo el proceso se realizaría de manera virtual y que las ofertas serían presentadas de forma electrónica.

El 17 de julio de 2020, se llevó a cabo la usual reunión pre subasta donde se discutieron las instrucciones, términos, condiciones, especificaciones y tabla de precio de la Subasta Formal a través de la Plataforma de Microsoft

---

[1] Los vehículos de motor serían adquiridos para la Policía de Puerto Rico, los departamentos, dependencias, agencias e instrumentalidades de la Rama Ejecutiva, las Corporaciones Públicas y los Municipios del Gobierno de Puerto Rico.

*Teams*. Se orientó a los licitadores que debían presentar sus ofertas en o antes del 30 de octubre de 2020. A causa de la situación de emergencia causada por el COVID-19, la ASG notificó a todos los licitadores interesados en participar de la subasta que "todo proceso de licitación se llevar[ía] a cabo a través de trámite electrónico, uso de plataformas electrónicas, uso de firmas digitales, entre otras".[2] Como consecuencia, el 29 de octubre de 2020, PVH Motor, LLC (en adelante, "parte recurrida" o "PVH Motor") sometió su propuesta al correo electrónico: juntadesubasta@asg.pr.gov. Lo anterior, luego de haber enfrentado problemas al enviarlo al correo electrónico establecido inicialmente por la Junta de Subastas: 20-17-136-C-R1@asg.pr.gov.

Luego de varios trámites, el 5 de marzo de 2021, la Junta de Subastas de la ASG remitió una Resolución de Adjudicación, notificada a las partes por correo electrónico, en la que informó a favor de cuales licitadores adjudicó la Subasta Formal. Posteriormente, el 8 de marzo de 2021, la Junta notificó un Aviso de Adjudicación Enmendado. Entre otros asuntos, la Junta de Subastas consignó que la propuesta de PVH Motor fue rechazada en su totalidad porque no incluyó todos los documentos requeridos para ser considerada. Entendió la Junta de Subastas que la omisión de someter toda la documentación no había sido un problema fuera del control de la parte recurrida, conforme esta había

---

[2] Enmienda Núm. 2 Subasta Formal, Apéndice, pág. 135.

alegado. Esta Resolución Enmendada fue notificada a las partes vía correo electrónico.

Inconforme, el 25 de marzo de 2021, PVH Motor presentó una Solicitud de Revisión Administrativa ante la Junta Revisora de Subastas. Entre sus planteamientos, alegó que la omisión de los documentos que provocó el rechazo de su propuesta era un error subsanable y consecuencia directa de los problemas técnicos que enfrentó al comunicarse por correo electrónico con la agencia. Añadió que desconocía de esa omisión hasta después de adjudicada la Subasta Formal, por lo que no tuvo oportunidad de subsanarla.

Tras evaluar la solicitud de reconsideración, el 7 de abril de 2021, la Junta Revisora de Subastas notificó, a través de correo electrónico, una Resolución en la que determinó que la ASG no había sido arbitraria o caprichosa al rechazar la oferta de PVH Motor. De este modo, la Junta Revisora de Subastas denegó la Solicitud de Revisión Administrativa de PVH Motor.

Así las cosas, el 27 de abril de 2021, la parte recurrida instó un recurso de revisión ante el Tribunal de Apelaciones. El foro a quo desestimó el recurso por falta de jurisdicción disponiendo que la Resolución de la Junta Revisora de Subastas no fue notificada adecuadamente a las partes, por haber sido remitida por correo electrónico en vez de por correo ordinario y certificado. El Tribunal de Apelaciones catalogó el medio utilizado como uno no

contemplado por los Arts. 3.14 y 3.19 de la Ley Núm. 38-2017, *supra*.

Posteriormente, el 13 de julio de 2021, la parte recurrida presentó una Moción de Reconsideración para Fijar Término. Mediante esta, peticionó al tribunal intermedio ordenar al foro administrativo a notificar la Resolución en un término perentorio. Por su parte, la Junta Revisora de Subastas presentó una Comparecencia Especial donde argumentó que el Art. 67 de la Ley Núm. 73-2019, 3 LPRA sec. 9838d, le permite notificar sus órdenes o resoluciones finales por correo certificado o correo electrónico. Igualmente, sostuvo que el Art. 3.14 de la Ley Núm. 38-2017, *supra*, permite la utilización del correo electrónico como un método eficaz de notificación de las órdenes o resoluciones finales de las agencias administrativas. De este modo, alegó que la notificación cursada a PVH Motor mediante correo electrónico fue adecuada.

Luego de evaluar ambas mociones, el Tribunal de Apelaciones notificó una Resolución denegando ambos escritos.[3] En desacuerdo con esta determinación, el 7 de septiembre de 2021, la Oficina del Procurador General, en representación de la ASG, presentó ante este Tribunal un recurso de *certiorari*. El Procurador General plantea como único error lo siguiente:

---

[3] La Jueza Méndez Miró emitió un voto disidente. A esos efectos, resaltó que PVH Motor, LLC. recurrió oportunamente al Tribunal de Apelaciones, por lo que cualquier defecto en la notificación no perjudicó su capacidad para solicitar la revisión de la determinación administrativa.

Erró el Tribunal de Apelaciones al declararse sin jurisdicción para entender en el recurso de revisión judicial presentado por la parte recurrida tras entender que la notificación mediante correo electrónico realizada por la Junta Revisora de Subastas resultó inoficiosa por incumplir con las disposiciones de las Secciones 3.14 y 3.19 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico.

Así las cosas, el 10 de diciembre de 2021, este Tribunal le concedió a la parte recurrida un término de treinta (30) días para comparecer y mostrar causa por la cual no debíamos expedir el auto y revocar la Sentencia dictada por el Tribunal de Apelaciones. De este modo, el 18 de enero de 2022, la parte recurrida presentó un Memorando en Cumplimiento de Orden de Mostrar Causa. En extrema síntesis, PVH Motor plantea que no tiene objeción con que la Sentencia del Tribunal de Apelaciones sea revocada, y que dicho foro atienda en los méritos los errores planteados.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

El Art. II, Sec. 7 de la Constitución de Puerto Rico prohíbe que cualquier persona sea privada de su libertad o propiedad sin un debido proceso de ley. Const. de P.R., Art. II, Sec. 7, LPRA, Tomo I. Este derecho está protegido de igual forma por la Quinta y Decimocuarta Enmiendas de la Constitución de los Estados Unidos. LPRA, Tomo I. Existen dos (2) acepciones en la doctrina del debido proceso de ley: la sustantiva y la procesal. *Fuentes Bonilla v. ELA*, 200 DPR

364, 394 (2018); *Domínguez Castro v. ELA*, 178 DPR 1, 35 (2010). Ambas vertientes protegen aspectos distintos. Por una parte, la vertiente sustantiva busca proteger y salvaguardar los derechos fundamentales de las personas. Mientras, la vertiente procesal obliga al Estado a garantizar que la interferencia en los intereses de libertad y propiedad del individuo se haga mediante un proceso justo e imparcial. *Fuentes Bonilla v. ELA*, supra; *Rivera Rodríguez & Co. v. Lee Stowell*, 133 DPR 881, 887-888 (1993). Estas garantías constitucionales se extienden no solo al ámbito judicial sino también al administrativo. *Aut. Puertos v. HEO*, 186 DPR 417, 428 (2012).

Dado que las agencias administrativas ejercen una función adjudicativa, al interferir no solo con los intereses de libertad, sino también con la propiedad de los individuos, las garantías de un debido proceso de ley han sido extendidas a dichas agencias. *Báez Díaz v. ELA*, 179 DPR 605, 623 (2010). No obstante, los procedimientos en el ámbito administrativo no tienen la misma rigidez que los procedimientos adjudicativos ante los tribunales. *Álamo Romero v. Adm. de Corrección*, 175 DPR 314 (2009). Por tanto, el procedimiento adjudicativo ante las agencias debe ceñirse a las garantías mínimas del debido proceso de ley. *Id.*

La dimensión procesal del debido proceso de ley en el contexto adjudicativo exige como mínimo: (1) la notificación adecuada del proceso; (2) el proceso ante un juez imparcial;

(3) la oportunidad de ser oído; (4) el derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) el tener asistencia de un abogado, y (6) que la decisión se base en el expediente. *Vázquez González v. Mun. San Juan*, 178 DPR 636, 643 (2010); *Garriga Villanueva v. Mun. San Juan,* 176 DPR 182, 197 (2009); *Rivera Rodríguez & Co. v. Lee Stowell*, supra.

Estas salvaguardas constitucionales se encuentran, de igual forma, reconocidas en la Carta de Derechos de la Ley Núm. 38-2017, *supra*. Específicamente, la Sec. 3.1 del estatuto, 3 LPRA sec. 9641, enumera las garantías procesales que deben ser salvaguardadas en todo procedimiento adjudicativo celebrado ante una agencia, como lo son: la notificación oportuna de los cargos contra una parte, a presentar evidencia; a una adjudicación imparcial y que la decisión sea basada en el expediente.

En el pasado, este Tribunal ha establecido que la garantía de notificación, salvaguardada por el debido proceso de ley, debe caracterizarse como "real y efectiva, ajustada a los preceptos estatutarios aplicables". *Río Const. Corp. v. Mun. de Caguas*, 155 DPR 394, 412 (2001).

El derecho a cuestionar la adjudicación de una subasta mediante el proceso de revisión judicial es parte del debido proceso de ley. *PR Eco Park, Inc. et al. v. Mun. de Yauco*, 202 DPR 525 (2019). Por tal razón, es indispensable que la notificación sea adecuada a todas las partes. La

notificación de adjudicación, además, debe advertir del derecho de las partes a procurar la revisión judicial; el término disponible para hacerlo y la fecha del archivo en autos de copia de la notificación. *IM Winner, Inc. v. Mun. de Guayanilla*, 151 DPR 30 (2000). "Solo a partir de la notificación así requerida es que comenzará a transcurrir el término para acudir en revisión judicial". *Id.,* pág. 38. Así las cosas, una notificación defectuosa priva de jurisdicción al foro revisor para entender el asunto. *PR Eco Park, Inc. et al. v. Mun. de Yauco*, supra, pág. 538.

Por otro lado, el 23 de julio de 2019, la Asamblea Legislativa aprobó la Ley Núm. 73-2019, 3 LPRA sec. 9831. En su Exposición de Motivos se establece como política pública del Gobierno de Puerto Rico, la centralización de los procesos de compras gubernamentales de bienes, obras y servicios, en aras de lograr mayores ahorros fiscales y la transparencia en la gestión gubernamental. Cónsono con lo anterior, se delega a la ASG la responsabilidad de implantar dicha política pública y de coordinar y dirigir el proceso de adquisición de bienes y servicios y la contratación de servicios del Gobierno de Puerto Rico.

La Ley Núm. 73-2019, *supra*, en su Art. 32 dispone que el Administrador de la ASG establecerá mediante Reglamento los procesos a llevarse a cabo para cada método de licitación. 3 LPRA Sec. 9834h. Una vez adjudicado un asunto, la Junta de Subastas procederá a notificar su determinación

final a todas las partes.[4] Mientras, el Art. 53 de la Ley Núm. 73-2019, *supra,* establece que una vez la Junta de Subastas adjudique el asunto ante su consideración notificará adecuadamente, mediante correo federal certificado con acuse de recibo **o correo electrónico**, a todas las partes. 3 LPRA sec. 9836f.

Como parte de sus disposiciones, la Ley Núm. 73-2019, *supra*, creó la Junta Revisora de Subastas, adscrita a la ASG. 3 LPRA sec. 9837. Entre sus facultades y deberes se encuentra "revisar y adjudicar cualquier impugnación a las adjudicaciones sobre subastas" realizadas por la ASG. 3 LPRA sec. 9837d.

A tono con lo anterior, el Art. 63 de la Ley Núm. 73-2019, *supra*, dispone que los procedimientos de adjudicación ante la Junta de Subastas de la ASG y los procedimientos de revisión ante la Junta Revisora de Subastas, **"se regirán por los procedimientos establecidos en esta Ley [73-2019] y por cualquier disposición de la Ley 38-2017, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico"**. 3 LPRA sec. 9838.

Según dispone el Art. 64 de la citada Ley Núm. 73-2019, 3 LPRA sec. 9838a, y conforme a las salvaguardas dispuestas por el debido proceso de ley, la parte adversamente afectada

---

[4] La notificación deberá fundamentar y justificar la determinación. Como mínimo, incluirá: (1) los nombres de los licitadores que participaron del proceso de subasta; (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieron las propuestas de los licitadores perdidosos, y (4) la disponibilidad y el plazo para solicitar la reconsideración y revisión judicial. 3 LPRA sec. 9834h.

tendrá derecho a solicitar revisión "a partir del depósito en el correo federal **o correo electrónico notificando la adjudicación de la subasta**". Incluso, la Ley Núm. 73-2019, *supra*, permite a la parte adversamente afectada notificar sobre la solicitud de revisión a través de correo certificado con acuse de recibo o por correo electrónico. 3 LPRA sec. 9838b. Por último, el Art. 67 del estatuto, dispone que una vez la Junta Revisora de Subastas adjudique el asunto, ésta notificará por escrito mediante correo certificado **o correo electrónico** a las partes. 3 LPRA sec. 9838d.

Además de la citada Ley Núm. 73-2019, la ASG aprobó el Reglamento Núm. 9230, conocido como *Reglamento Uniforme de Compras y Subastas de Bienes, Obras y Servicios no Profesionales*. En su Art. 3.16 el Reglamento Núm. 9230 dispone que una vez la Junta de Subastas realiza una adjudicación, procederá la notificación de la determinación final mediante Resolución. La Resolución sobre Aviso de Adjudicación podrá ser notificada mediante correo federal certificado con acuse de recibo **o correo electrónico** a las partes. Además, el Art. 5.6 del Reglamento 9230, establece que una vez la Junta Revisora de Subastas adjudique el asunto, esta podrá notificar a todas las partes su determinación a través de correo federal certificado con acuse de recibo o por correo electrónico.[5]

---

[5] Por lo tanto, una vez notificada correctamente a las partes la determinación final, comenzaran a decursar los términos para presentar una moción de reconsideración o un recurso de revisión judicial ante el Tribunal de Apelaciones.

Como podemos apreciar, la Ley Núm. 73-2019, *supra*, es clara y específica a lo largo de sus artículos y su reglamentación aplicable en permitir la notificación de sus adjudicaciones a través de correo certificado o correo electrónico. La ASG tiene la alternativa de utilizar el método de notificación que prefiera, incluyendo, aquellos atemperados a la tecnología y los tiempos modernos.

Por otra parte, el 30 de junio de 2017, la Asamblea Legislativa aprobó la Ley Núm. 38-2017, 3 LPRA sec. 9601. En su Art. 3.15 el estatuto dispone que una parte adversamente afectada tiene derecho al procedimiento de reconsideración. La fecha que se utilizará para calcular el término para someter la reconsideración será a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico. 3 LPRA sec. 9655.

De igual forma, dispone que los recursos de Revisión Judicial, de las determinaciones de agencias gubernamentales, se presentan ante el Tribunal de Apelaciones y se rigen por lo dispuesto en el Capítulo 4 del estatuto. Por su parte, el Art. 3.2 establece que las agencias podrán utilizar el **medio de correspondencia electrónica o correo ordinario, siempre y cuando salvaguarde en todo momento el derecho a una notificación oportuna**. 3 LPRA sec. 9642. Así las cosas, las notificaciones sobre órdenes o resoluciones finales se harán de forma escrita por correo ordinario o correo electrónico, conforme dispone el

Art. 3.14 de la Ley. 3 LPRA sec. 9654. Como vemos, la Ley Núm. 38-2017, *supra*, **reconoce el método de notificación por correo electrónico como uno adecuado**, a partir del cual se puede calcular el término para solicitar una reconsideración.

Es de especial relevancia para el caso de autos el Art. 3.19 de la Ley Núm. 38-2017, *supra*, que fue enmendado el 18 de noviembre de 2020 mediante la Ley Núm. 150-2020. Dicho artículo enmendado estableció que la parte adversamente afectada por una decisión podrá presentar una moción de reconsideración ante la agencia, dentro de veinte (20) días a partir del depósito en el correo federal **o correo electrónico** notificando la adjudicación de la subasta. 3 LPRA sec. 9659. Por tanto, validó la notificación de adjudicación realizada por correo electrónico como un mecanismo oficial que cumple con las características imprescindibles del debido proceso de ley.

### III

En el presente caso, el Tribunal de Apelaciones desestimó el recurso de revisión judicial presentado por PVH Motor bajo el fundamento de falta de jurisdicción. Según el foro intermedio, la Junta Revisora de Subastas de la ASG erró en notificar adecuadamente la Resolución de Aviso de Adjudicación de la Subasta, al haber notificado la misma a través de correo electrónico a la parte recurrida. Erró el

Tribunal de Apelaciones al determinar que la notificación era defectuosa.

El foro intermedio fundamentó su determinación en una lectura errónea de la Ley Núm. 38-2017, *supra*, al indicar que esta no contemplaba el correo electrónico como un método de notificación adecuado. Específicamente, el Tribunal de Apelaciones citó en su Sentencia del 7 de abril de 2021 un **texto no actualizado** de los Arts. 3.14 y 3.19 de la Ley Núm. 38-2017, *supra*. Al presente la Ley Núm. 38-2017, *supra*, permite que la agencia notifique sus resoluciones mediante correo electrónico.

Por último, el foro intermedio no solo hizo abstracción de la Ley Núm. 73-2019, *supra,* la cual regula los procedimientos de subastas a nivel Isla,[6] sino que afirmó que ante "[l]a ausencia de un estatuto general que regule los procesos de subasta en el ámbito gubernamental, exige que cada agencia adopte las normas que han de regir sus respectivos procedimientos de subasta".[7]

Aclaramos que contrario a lo que indica el Tribunal de Apelaciones existe una ley que regula estos procesos, la Ley Núm. 73-2019, *supra*, el cual tiene como propósito principal "**[unificar] el poder de compras en una sola entidad gubernamental** que tendrá la capacidad, mediante una planificación adecuada y la implementación de estrategias de vanguardia, de lograr ahorros significativos en todos los

---

[6] Con excepción de algunas Agencias Exentas.
[7] Sentencia del Tribunal de Apelaciones, Apéndice, pág. 6.

procesos de adquisición gubernamental". Exposición de Motivos, Ley Núm. 73-2019, *supra*. A esto debemos añadir que:

> [L]a centralización de los procesos de compras gubernamentales y la uniformidad de las disposiciones legales y reglamentarias sobre procesos de adquisición de bienes, obras y servicios fomentará la competencia entre proveedores, permitirá la adquisición de bienes y servicios de la más alta calidad al menor costo posible, y garantizará la transparencia y el mayor rendimiento de los fondos públicos. Asimismo, esto les brindará mayor certeza a las personas interesadas, ampliando la disponibilidad y las opciones de contratación del Gobierno de Puerto Rico. Exposición de Motivos de la Ley Núm. 73-2019.

En conclusión, debemos dejar meridianamente claro que las agencias gubernamentales pueden elegir el método de notificación que prefieran al momento de notificar a las partes sobre su determinación final. Esto será así siempre y cuando cumplan con los requisitos para realizar una notificación adecuada conforme al debido proceso de ley. Sin lugar a duda, este fue el propósito de la Asamblea Legislativa al momento de enmendar la Ley Núm. 38-2017, *supra*, así como en cuanto a la ASG con la aprobación de la Ley Núm. 73-2019, *supra*.

Por consiguiente, concluimos que la notificación por correo electrónico realizada por la Junta Revisora de Subastas a la parte recurrida es una notificación adecuada que cumple con los requisitos del debido proceso de ley. Resolvemos que erró el Tribunal de Apelaciones al declararse sin jurisdicción sobre el caso de autos por concluir que la notificación realizada por la Junta Revisora de la ASG

mediante correo electrónico no fue una notificación adecuada ni correcta.

**IV**

Por los fundamentos expuestos, se expide el auto de *certiorari* y se revoca la Sentencia del Tribunal de Apelaciones. Se devuelve el caso al foro intermedio para que atienda en los méritos, en su totalidad, el recurso de revisión judicial, en conformidad con lo aquí resuelto.

Se dictará Sentencia de conformidad.

Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| PVH MOTOR, LLC<br><br>    Recurrido<br><br>    v.<br><br>Junta de Subastas de la Administración de Servicios Generales<br><br>    Peticionario | CC-2021-0606 | |

SENTENCIA

En San Juan, Puerto Rico, a 12 de abril de 2022.

Por los fundamentos expuestos, se expide el auto de *certiorari* y se revoca la Sentencia del Tribunal de Apelaciones. Se devuelve el caso al foro intermedio para que atienda en los méritos, en su totalidad, el recurso de revisión judicial, en conformidad con lo aquí resuelto.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino. La Jueza Presidenta Oronoz Rodríguez no interviene.


                         Javier O. Sepúlveda Rodríguez
                         Secretario del Tribunal Supremo